UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA ex rel. ) | |
| MICHAEL PENNY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 97-CV-5674 |
| v. ) | |
| ) | Judge Marvin E. Aspen |
| GEORGE DeTELLA, Warden ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

After a jury trial in 1993, Petitioner Michael Penny ("Petitioner" or "Penny") was convicted of armed violence; possession of a controlled substance, heroin, with intent to deliver; and possession of a controlled substance, cocaine, with intent to deliver. *See U.S. ex rel. Penny v. DeTella*, No. 97 CV 5674, 2009 WL 1309461, *2 (N.D. Ill. May 11, 2009). He was sentenced to natural life in prison for the armed violence conviction, with a concurrent fourteen-year term for possession of cocaine with intent to deliver.[1] *Id.* Presently before us is Penny's motion for a certificate of appealability ("COA"). For the reasons stated below, we deny Penny's request for a COA.

### BACKGROUND

Because of the many dates surrounding Penny's habeas petition and the fact that he is contesting the statute of limitations, we briefly address the background of Penny's state and

---

[1] The armed violence conviction was Penny's third class X felony conviction and, as a result, he was found a habitual criminal under the Illinois Habitual Criminal Act. *Penny*, 2009 WL 1309461, at *2.

federal post-conviction proceedings. On October 2, 1996 the Supreme Court of Illinois denied Penny's petition for leave to appeal ("PLA") on direct appeal. *Penny*, 2009 WL 1309461, at *3. Subsequently, on August 7, 1997, Penny simultaneously filed his first federal habeas corpus petition and a motion to stay the federal proceedings. *Id.* Because Penny had failed to exhaust his state remedies, his petition was dismissed and his motion to stay was denied. *Id.* Also on August 7, 1997, Penny filed the first of his two state post-conviction petitions for relief under the Illinois Post-Conviction Hearing Act ("IPCHA"), 725 ILCE 5/122. *Id.* The state court dismissed this petition as untimely and, alternatively, as without merit. *Id.* The Illinois Appellate Court affirmed the dismissal of Penny's petition as untimely and the Illinois Supreme Court denied Penny's PLA. *Id.* at *4. On July 17, 2000 Penny filed a motion to stay his federal habeas petition, which we denied as moot because we had previously dismissed his petition for writ of habeas corpus. *Id.* Penny then filed a second post-conviction petition in Illinois state court on February 7, 2000. *Id.* This petition was ultimately dismissed on the merits by the Circuit Court on November 3, 2005. *Id.* at *5. The Illinois Appellate Court affirmed the dismissal on February 13, 2008 and the Illinois Supreme Court denied Penny's PLA on May 29, 2008. *Id.* On July 15, 2008, Penny moved to reinstate and amend his federal habeas corpus petition, which we permitted on July 21, 2008. *Id.* at *6. On May 11, 2009, we granted Respondent's motion to dismiss because Penny's petition for writ of habeas corpus did not satisfy the one-year statute of limitations. *Id.* at *7. Now before us is Penny's application for a COA.

**STANDARD OF REVIEW**

A COA is required for an appeal from a final order in a habeas corpus proceeding under 28 U.S.C. §§ 2254 or 2255. *See* 28 U.S.C. § 2253©. "A certificate of appealability may issue . .

. only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000), the Supreme Court laid out two methods by which a district court is to evaluate a request for a COA. *Id.* at 483-84, 1205 S. Ct. at 1603-04. First, if the district court rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessments of the constitutional claims debatable or wrong," *id.* at 484, or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *id*. (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S. Ct. 3383, 3395 (1983)). Alternatively, if the district court rejected "a petitioner's claims on procedural grounds without reaching the prisoner's underlying constitutional claim," it should only issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484 (emphasis added).

## ANALYSIS

Penny presents the following issues for appeal: 1) differing federal jurists would find that the district court erred in ruling that his habeas petition was time-barred; 2) differing federal jurists would find that the discovery date of his trial counsel's conflict of interest triggered tolling under § 2244(d)(1)(D); 3) differing federal jurists would find that Rule 60(b) was irrelevant to the instant habeas proceeding; 4) we erred by making factual determinations without conducting a full evidentiary hearing; 5) we should have determined the substantive constitutional violations despite any procedural deficiencies; and 6) we erred by dismissing the habeas corpus petition without ruling on whether it was with or without prejudice. (Pet. at 2-3.)

We dismissed Penny's habeas petition on May 11, 2009 based upon procedural grounds. We found that: 1) his petition was time-barred because it was filed outside the one-year statute of limitations (*Penny*, 2009 WL 1309461, at *6); 2) the statute of limitations should not be tolled under § 2244(d)(2) (*id.* at *7); 3) there were no extraordinary circumstances that would extend the statute of limitations through equitable tolling (*id.* at *9-10); 4) even if the 1997 denial of stay was erroneous, the decision could not be vacated (*id.* at *11); and 5) Penny's contention that he discovered the factual basis of his trial counsel's alleged conflict of interest did not satisfy the requirements for extending the statute of limitations (*id.* at *12). On June 1, 2009, Penny filed the present application for a COA in which he disputes our procedural ruling that his petition was untimely, asserting that 28 U.S.C. § 2244(d)(2) or § 2244(d)(1)(D)'s tolling provisions should apply to his petition. For the reasons discussed below, we deny his application for a COA.

**A. Penny's Habeas Petition Was Time-Barred**

Penny claims that differing federal jurists would find that we erred in ruling that his habeas petition was time-barred and contends that the one-year statute of limitations under § 2244(d) should be extended through statutory tolling or, alternatively, equitable tolling.

**1. Statutory Tolling under § 2244(d)(2)**

Penny contends that differing federal jurists would find that his initial state post-conviction petition was properly filed, and thus the one-year statute of limitations for filing his federal habeas corpus petition would have been tolled until the completion of his first post-conviction state court proceeding. (App. at 5.) Specifically, Penny claims that because his initial post-conviction petition in Circuit Court was dismissed on the "'dual' grounds [of] timeliness and merit," his habeas petition was "properly filed" within the meaning of 28 U.S.C. §

2244(d)(2). (App. at 5.) Under § 2244(d)(2) a petitioner is entitled to statutory tolling of his habeas petition for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). We held that Penny's habeas petition was not properly filed because it was dismissed for untimeliness and that "[a] state court finding of untimeliness renders the state action improperly filed." *See Penny*, 2009 WL 1309461, at *7.

We do not find that our conclusion regarding statutory tolling is debatable among differing federal courts. The Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 1814 (2005), held that a state post-conviction proceeding is not "properly filed" within the meaning of § 2244(d)(2) if the state court determines it is untimely. *See also Brooks v. Wall*, 279 F.3d 518, 520-21 (7th Cir. 2002). The court also found that even if the state court alternatively addressed the merits, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414, 125 S. Ct. at 1812. Thus, Penny was not entitled to statutory tolling because he never properly filed his first state post-conviction petition. The one-year statute of limitations is part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which took effect with its "properly filed" language on April 24, 1996. *See Freeman v. Page*, 208 F.3d 572, 573 (7th Cir. 2000). When Penny's direct appeal from his conviction ended October 2, 1996 with the denial of his PLA, the AEDPA one-year statute of limitations was already in effect. Penny had one year and 90 days – the time during which he could have filed a petition for certiorari with the United States Supreme Court – from the denial of his PLA to file his habeas petition in federal court under §§ 2254 or 2255. *Clay v. U.S.*, 537 U.S. 522, 525, 123 S. Ct. 1072, 1075 (2003) (holding

that a conviction becomes final when the time expires for filing a petition for certiorari). Thus, Penny's statute of limitations expired on December 31, 1997, unless it was tolled.

Although Penny filed his petition for habeas corpus before the one-year time period on August 7, 1997, we dismissed it for failure to exhaust his state-court remedies. Also on August 7, 1997, Penny filed a petition for state post-conviction relief. This state post-conviction petition was dismissed as untimely. When a state post-conviction petition is dismissed as untimely it is not considered a "properly filed" state petition for the purposes of § 2244(d)(2). *Pace*, 544 U.S. at 417, 125 S. Ct. at 1814. Because Penny's state post-conviction petition did not fulfill § 2244(d)(2)'s requirement for statutory tolling, the statute of limitations could not be extended. Even before *Pace*, the Seventh Circuit held that a petition for collateral relief in state court was not "properly filed" if it was dismissed as untimely. *See Freeman*, 208 F.3d at 574. Penny did not properly file a petition for writ of habeas corpus in federal court until July 15, 2008, more than ten years past the expiration of the statute of limitations. We find that differing jurists would not debate our finding that the statute of limitations could not be statutorily tolled, and for this reason, we deny Penny's COA with respect to statutory tolling.

**2. Equitable Tolling**

Penny also contends that differing jurists would find that he was entitled to equitable tolling under § 2244(d). (App. at 6.) He claims that his habeas petition should be tolled because: 1) extraordinary circumstances exist; 2) he diligently pursued his claims; and 3) our August 18, 1997 Order dismissing his petition was misleading. (Pet. at 7.) In our opinion dismissing Penny's habeas corpus petition, we held that Penny was not entitled to equitable tolling because his case did not present extraordinary circumstances, nor was he reasonably diligent in pursuing his claims. *Penny*, 2009 WL 1309461, at *9-10.

Equitable tolling allows a court to extend the statute of limitations in rare instances where "circumstances outside the prisoner's control prevent the timely filing of the habeas petition." *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007). However, equitable tolling may only apply when it does not conflict with the tolling exceptions expressly listed in § 2244(d) and "is rarely granted." *Id.* Equitable tolling is proper where the litigant establishes: "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way." *Williams v. Buss*, 58 F.3d 683, 685 (7th Cir. 2008) (quoting *Pace*, 544 U.S. at 418, 125 S. Ct. at 1814). Penny contends that extraordinary circumstances existed due to his post-conviction counsel's failure to allege that Penny was not culpably negligent in the late filing of his state court post-conviction petition. (App.. at 9.) He claims that had his attorney alleged that he was not culpably negligent, his post-conviction application would not have been dismissed for untimeliness. (*Id.*) However, aside from the fact that Penny would still have to *prove* that the delay was not due to his own culpable negligence, not merely allege it, Penny still had three months from the time the state court dismissed his petition as untimely during which he could have filed his federal petition. He could have filed his federal petition after the dismissal of his first post-conviction petition, while an appeal to the Illinois Appellate Court was pending. His attorney's failure to sustain the post-conviction petition was not an "extraordinary circumstance" that prevented Penny from filing in federal court, nor would differing federal jurists find that it was.[2]

---

[2] Penny highlights a Third Circuit case, *Fahy v. Horn*, 240 F.3d 239, 245-46 (3d Cir. 2001), where the court tolled Fahy's habeas corpus petition because the state law regarding the procedural filing requirement was unclear and the petitioner failed to file in federal court because of a reasonable belief that his federal petition would be dismissed as unexhausted. The Seventh Circuit declined to follow this case in *Johnson v. McBride*, 381 F.3d 587, 590 (7th Cir. 2004). Even if we used *Fahy* as precedent, the Third Circuit described the state law at the time of the petitioner's filing as "inhibitively opaque." *Fahy*, 240 F.3d at 245. Penny has not shown that Illinois law regarding the procedural filing of his state habeas corpus application was

In addition, Penny did not reasonably and diligently pursue his claims in federal court. *See Williams*, 58 F.3d at 685 (recognizing that equitable tolling only applies when a petitioner "has been pursuing his rights diligently"). Penny initially filed his federal petition on August 7, 1997 and then did not come before the court again until July 17, 2000 and then again July 15, 2008. The filing of three petitions in the span of eleven years does not demonstrate diligence in pursuing one's federal court claims. We think reasonable jurists would not disagree.

Penny also alleges the our August 18, 1997 Order dismissing his petition was misleading and should be considered an "extraordinary circumstance" that would equitably toll the statute of limitations. (App. at 12.) Penny insists that we misled him when we "did not inform him of the option to either withdraw or amend his petition." (App. at 13.) However, our Order clearly informed Penny that we were dismissing his petition because he had not first exhausted his state court claims. Contrary to Penny's claim that *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982), requires the district court to inform a petitioner of those two options, *Rose* only holds that a petition with mixed exhausted and unexhausted claims *must be dismissed*. *Id.* at 522, 102 S. Ct. at 1205 ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). It is then up to the petitioner to pursue his unexhausted claims in state court or refile his federal petition, excluding the unexhausted claims. We did not mislead Penny when we dismissed his petition, nor do we find that this conclusion would be debatable among reasonable federal jurists. *See also Rhines v. Weber*, 544 U.S. 269, 278-79, 125 S. Ct. 1528, 1535-36 (2005) (holding that it is up to the

---

unclear. The petitioner in Fahy was also facing a capital sentence and the Third Circuit weighted this fact heavily when determining whether to equitably toll the statute of limitations. *Id.* Although Penny is facing a natural life sentence plus fourteen years, he is not facing a capital sentence, and this makes *Fahy* further inapplicable to the facts as set forth in Penny's case.

district court's discretion whether a stay or dismissal is appropriate in a federal habeas corpus petition that includes unexhausted state claims). Accordingly, we deny Penny's application for a COA with respect to his claim that the petition is not time-barred through either statutory or equitable tolling.

**B. Conflict of Interest Triggered Tolling[3]**

Penny next claims that reasonable federal jurists would debate our holding that the discovery date of trial counsel's conflict of interest did not trigger tolling under § 2244(d)(1)(D). (App. at 14.) Penny contends that our opinion wrongly determined that he could have discovered his trial counsel's conflict of interest before March 1999, Penny's alleged date of discovery. (*Id.*) If Penny could not have reasonably discovered these facts until March 1999, the one-year statute of limitations under § 2244 for his claims based on this conflict of interest would not have begun until March 1999. Accordingly, Penny would have had until March 2000 to file his federal habeas petition with respect to those claims. However, Penny's February 7, 2000 "properly filed" state court post-conviction petition would have tolled his statute of limitations, making his July 15, 2008 federal habeas petition timely, only with respect to those claims. Section 2244(d)(1)(D) allows the one-year time period in which to file habeas corpus petition to start running from the time when the "factual predicate [of the claim or claims presented] 'could have been discovered through the exercise of due diligence.'" *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001) (quoting § 2244(d)(1)(D)). "Time begins when the prisoner

---

[3] We note that Penny's habeas petition for which he requests a COA did not explicitly include the claims related to trial counsel's conflict of interest. *Penny*, 2009 WL 1309461, *11 n.8. However, he did attach records from his second-round post-conviction proceeding, which included such a claim. *Id.* In our opinion we addressed the claim because we recognized "the interest of construing Penny's claims liberally, and because both parties have addressed [these] claims in their briefs." *Id.*

knows (or through due diligence could discover) the important facts [related to his claim], not when the prisoner recognizes the legal significance [of those facts]." *Id.*

The state court dismissed Penny's claims related to his trial counsel's alleged conflict of interest because it found that Penny failed to show that his attorney was ineffective at trial. *Penny*, 2009 WL 1309461 at *11. The court did not base its decision on whether the evidence could have been discovered earlier through due diligence. *Id.* We interpreted Penny's claim in his federal habeas corpus petition to be that his discovery in March 1999 of his trial counsel's alleged conflict of interest tolled the statute of limitations so that Penny had until March 2000 to file his federal habeas petition unless tolled again by a properly filed state proceeding. *Id.* We determined that Penny's explanation as to how he discovered the claim was inadequate for us to toll the statute of limitations under § 2244(d)(1)(D) because Penny did not prove that he was unable to discover the evidence prior to March 1999. *Id.* at *12.

Section 2244(d)(1)(D) only applies if "vital facts could not have been known by the date the appellate process ended." *Owens*, 235 F.3d at 359. And under § 2244(d)(1)(D) the time starts when the facts could have been known through an exercise of reasonable due diligence under the circumstances. *Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004). These determinations can be made by the district court with the help of the record and the parties' briefs. *See Owens*, 235 F.3d at 359 (finding that the principal fact was present at trial); *Moore*, 368 F.3d at 938-40 (considering the facts within the parameters established by the record). Here, Penny stated that he discovered his counsel's alleged conflict of interest while conducting research for his habeas petition in March 1999. *Penny*, 2009 WL 1309461, at *12. Time commences under § 2244(d)(1)(D) "when the factual predicate '*could have been discovered* through the exercise of due diligence,' not when it was actually discovered by a given prisoner."

*Owens*, 235 F.3d at 359 (emphasis added). The State claimed, and our opinion agreed, that Penny could have discovered through due diligence the presence of a conflict of interest prior to, or at the time of, his trial. *Penny*, 2009 WL 1309461, at *12. However, determinations as to when a petitioner could have known of the facts are left to the discretion of the trial court. Additionally, the standard for determining whether the petitioner could have discovered the facts through due diligence is unclear. *See e.g.*, *Escamilla v. Jungwirth*, 426 F.3d 868, 870-71 (7th Cir. 2005) (finding that petitioner did not prove that he did not know of the facts before the alleged date of discovery); *Daniels v. Uchtman*, 21 F.3d 490, 492 (7th Cir. 2005) (determining that petitioner could have discovered the facts prior to the date he alleged discover); *Wilson v. Beard*, 426 F.3d 653, 661 (3d Cir. 2005) ("The Commonwealth has pointed to no evidence from which we could conclude that Wilson had a reason to expect that he would uncover any relevant information by monitoring the news, and we see none."); *U.S. ex rel. Trotter v. McCann*, 08 C 2917, 2009 WL 500630, at *5 (N.D. Ill. Feb. 26, 2009) (denying motion to dismiss because "[o]n the current record . . . the Court cannot determine that Trotter's Brady claim is untimely"). Therefore, we think that reasonable jurists could debate whether Penny could have known of this conflict prior to March 1999.

Before we can grant a COA on this issue, however, we must also determine that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. Having ruled on Penny's petition based only upon the procedural issue, we did not have occasion to reach the constitutional merits of his claim. However, we find that Penny has not made a substantial showing that his trial counsel's alleged conflict of interest denied him of his Sixth Amendment right to counsel. "To establish a violation of the Sixth Amendment, a defendant who raise no

objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S. Ct. 1708, 1718 (1980); *see also Gonazles v. Mize*, 565 F.3d 373, 381 (7th Cir. 2009). Moreover, "[a]n actual conflict exists if an attorney is torn between two different interests." *United States v. Holman*, 314 F.3d 837, 845 (7th Cir. 2002).

Penny has not demonstrated that his trial counsel had an actual conflict of interest. Penny contends that his trial counsel was conflicted because "he was the subject of a grand jury investigation involving criminal activity." (Penny Mot. in Support of Habeas Pet. at 11.) Because Penny did not further explain this potential conflict in his Petition, we look to his prior arguments before the state court for clarification. (*See* Resp. Mot. to Dismiss, Ex. z, at 15-18.) Even perusing Penny's state court filings, however, we are still not clear what the alleged conflict was. Penny characterized the conflict as "a pre [sic] se conflict of interest, because [his trial counsel] was being investigated by the ARDC and the federal government." (*Id.* at 1.) However, in explaining the conflict further, Penny stated that both he and his attorney were being investigated by federal authorities for their alleged participation in a narcotics ring. Although this allegation could present a conflict of interest, Penny does not that allegation by citing any evidence whatsoever. Therefore, we refuse to find that Penny's speculations constitute a conflict of interest. Additionally, the fact that Penny's trial counsel was under investigation by the ARDC or federal authorities does not establish a per se conflict of interest. *See Holman*, 314 F.3d at 845 (explaining that even where the habeas petitioner initiated a disciplinary inquiry against his attorney, there is no per se conflict of interest). Furthermore, Penny never explains how this potential conflict affected his attorney's performance.

Because Penny did not establish that his trial counsel was actually conflicted or that the alleged conflict affected his performance, he has not made a substantial showing of a denial of a constitutional right. Therefore, we deny Penny's COA with respect to the issue of the discovery of trial counsel's conflict of interest.[4]

**C. Rule 60(b)**

Penny next claims that differing federal jurists would find that Rule 60(b) was irrelevant to the habeas proceedings. (App. at 16.) Federal Rule of Civil Procedure 60(b) allows the court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." The court should construe the claims of a *pro se* petitioner liberally. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). In liberally interpreting his Petition, although Penny did not present the issue himself, we applied Rule 60(b) to rule out the possibility that it would have allowed us to vacate our initial dismissal of his Petition, thus extending the statute of limitations in his favor. Penny's claim has no merit because to the extent that this analysis was irrelevant to the habeas proceedings, it could not have harmed him. Therefore we refuse to grant a COA on this issue.

**E. Constitutional Violations**

Penny claims that we should have determined the substantive constitutional claims presented in his habeas petition despite the procedural deficiencies. (App. at 19.) However, before we may consider a petition for a writ of habeas corpus on its merits, the petitioner must satisfy all of the procedural requirements. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct.

---

[4] Penny claims that this court made factual determinations as to Penny's alleged date of discover without conducting a full evidentiary hearing. (App. at 18.) Penny specifically claims that we should have conducted an evidentiary hearing before concluding that Penny, through due diligence, could have known of his trial counsel's alleged conflict of interest prior to March 1999. (*Id.*) However, because there was no actual conflict under the Sixth Amendment, the date he discovered the conflict is irrelevant.

1728, 1732 (1999); *Crockett v. Hulick*, 542 F.3d 1183, 1992 (7th Cir. 2008); *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008). Penny did not satisfy the procedural requirements because his petition was not filed within the one-year statute of limitations set by AEDPA. We determined that the statute of limitations could not be tolled under any available exceptions and granted the Respondent's motion to dismiss purely on procedural grounds. Therefore, we did not need to address the merits of Penny's claims. On this point, reasonable jurists would not debate and we do not grant a COA.

**F. Dismissal of Habeas Petition**

Penny contends that our dismissal of his habeas petition without ruling on whether it was with or without prejudice was in error. (Pet. at 20.) We do not grant a COA with respect to this issue. We found Penny's petition to be time-barred. *Penny*, 2009 WL 1309461, at *12. Therefore, no matter if we dismissed Penny's petition with or without prejudice, Penny would be barred from bringing his habeas petition in federal court.

## CONCLUSION

For the above reasons, Penny's application for a COA is denied.

_____
Honorable Marvin E. Aspen
United States District Judge

Date: August 27, 2009